UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Katrina Elaine Pierre, | : | |
| Plaintiff, | : : | Civil Action No. |
| v. | : : | |
| Equifax Information Services, LLC, and Onity Mortgage Corporation, | : : : | |
| Defendants. | : : | |

COMPLAINT AND JURY DEMAND

Preliminary Statement

1. This is a consumer protection action brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA"), arising from a particularly egregious and persistent pattern of unlawful credit reporting.

2. Defendants Equifax Information Services, LLC and Onity Mortgage Corporation have repeatedly failed Plaintiff Katrina Elaine Pierre by continuing to report a mortgage debt that was extinguished nearly two decades ago — a debt discharged in her Chapter 7 bankruptcy in 2007 and formally relinquished.

3. Despite Ms. Pierre's detailed written disputes, supported by documentary proof, both Defendants have adamantly refused to correct her credit reports. This willful indifference has caused Ms. Pierre real and ongoing harm to her creditworthiness, her reputation, and her peace of mind.

4. Ms. Pierre brings this action to hold Defendants accountable, to obtain redress for the harm they have caused, and to enforce the consumer protections that Congress specifically

enacted to prevent exactly this kind of damage.

### Jurisdiction and Venue

5.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

6.   Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

7.   Plaintiff Katrina Elaine Pierre ("Ms. Pierre" or "Plaintiff") is an adult individual who resides in New Smyrna Beach, FL.

8.   Defendant Equifax Information Services, LLC ("Equifax") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, GA 30309. At times Equifax is referred to as the "Credit Reporting Agency Defendant" or the "CRA Defendant".

9.   Defendant Onity Mortgage Corporation, ("Onity") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 2000 Midlantic Dr., Suite 410-A, Mount Laurel, NJ 08054.

10.   Onity is a "furnisher" as defined in 12 CFR 1022.41 as it regularly provides information relating to consumers to one or more Consumer Reporting Agencies ("CRAs") for inclusion in a consumer report.

### Factual Allegations

### Congress Enacted the FCRA to Protect Consumers Like Ms. Pierre

11.   The FCRA was Congress's direct response to the devastating consequences that

inaccurate credit reporting inflicts on ordinary Americans. As Congress expressly found – "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." See 15 U.S.C. § 1681(a)(1).

12.    Congress recognized that the rise of computerized data systems posed an acute threat to individual consumers: that a person's life and character could reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin a reputation without cause, and make a person unemployable or uninsurable, as well as deny an individual the opportunity to obtain a mortgage or buy a home. See Bryant v. TRW, Inc., 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 cong. Rec. 36570 (1970)].  That is precisely what Defendants have done to Ms. Pierre.

13.    To prevent such harm, the FCRA imposes a "maximum possible accuracy" standard on CRAs and requires that they have reasonable policies and procedures in place to prevent inaccurate credit reporting. 15 U.S.C. § 1681e(b).  The FCRA further requires that CRAs, upon receiving a consumer dispute, conduct a reasonable reinvestigation and correct or delete inaccurate information within 30 days. See 15 U.S.C. § 1681i(a).

14.    The FCRA separately requires furnishers of information, upon receiving notice of a dispute, to conduct a reasonable investigation, review all relevant information, report accurate results to the CRAs, and modify or delete any information found to be inaccurate or unverifiable. 15 U.S.C. § 1681s-2(b).

15.    Both Equifax and Onity failed these obligations completely.

**The Mortgage Was Discharged In Bankruptcy**

16.     In or about December 2005, Ms. Pierre obtained a mortgage that was serviced by Ocwen Loan Servicing, LLC ("Ocwen"). The mortgage was a joint account held with Ms. Pierre and her father, Don Arnold, and stepmother, Stephanie Arnold.

17.     On January 2, 2007, Ms. Pierre filed a Chapter 7 bankruptcy petition under her maiden name, Katrina E. Arnold, which included the mortgage as a dischargeable debt.

18.     On April 13, 2007, the bankruptcy court entered an Order of Discharge, extinguishing Ms. Pierre's personal liability on the mortgage. From that moment forward, Ms. Pierre owed nothing on this debt.

**The Inaccurate Reporting Has Been Corrected
Twice Before — And Wrongly Resumed**

19.     Despite the bankruptcy discharge, Ocwen continued to report the mortgage as an active obligation with a balance and past-due status. After Ms. Pierre disputed the reporting, Ocwen sent a letter dated April 7, 2017, acknowledging that the mortgage had been discharged in bankruptcy and requesting that the CRAs delete the account from Ms. Pierre's credit reports. The reporting was removed.

20.     After, servicer successor, PHH Mortgage ("PHH"), began reporting the same mortgage negatively.  Ms. Pierre notified PHH of the bankruptcy discharge – which it should already have had records of from Ocwen. PHH acknowledged the bankruptcy, removed the negative reporting, and formally approved an assumption of the mortgage by Ms. Pierre to her father and stepmother, further removing Ms. Pierre from any financial responsibility. The PHH reporting was then eventually deleted.

21.     When PHH rebranded as Onity Mortgage Corporation, Onity resumed reporting the same mortgage with derogatory information, including a balance, negative payment history, and a

4

date of first delinquency in 2025. This is the same mortgage, which included the same loan number, identified and reported by Ocwen, PHH and Onity. This is the same debt that two prior servicers acknowledged they had no right to report against Ms. Pierre. And yet Onity began the cycle again.

22.     This recurring pattern of inaccurate reporting by successive servicers of the same mortgage is not mere error. It reflects a systemic failure of the credit reporting system that the FCRA was enacted to prevent, and it has caused Ms. Pierre repeated injury over many years.

### Ms. Pierre's Disputes Were Clear, Well-Documented, And Ignored

23.     Ms. Pierre disputed the Onity reporting with Equifax in writing on April 29, 2026. Her dispute was comprehensive. It included a detailed explanation of the bankruptcy discharge and subsequent assumption of the mortgage, and was supported by the following documentation: (a) Ms. Pierre's driver license; (b) Social security card in her maiden name; (c) Social security card in her current legal name; (d) the bankruptcy petition; (e) the bankruptcy Order of Discharge; (f) the letter from Ocwen confirming the discharge and request for deletion; (g) the letter from PHH confirming the assumption of the mortgage by Ms. Pierre's father and step mother; and (h) a letter from Onity confirming the same mortgage account number used across the attached documents.

24.     Ms. Pierre's dispute letter specifically requested that the Onity account be deleted in its entirety. In the alternative, she requested that at a minimum, all derogatory information — including past-due payments and any reported balance — be removed.

25.     Equifax responded by letter on May 14, 2026, claiming that the Onity account had been verified as accurate.  The Onity account continued to report a derogatory payment history, a date of first delinquency of 2025, and a past-due status. The same inaccurate information remained.

26.     On May 21, 2026, Ms. Pierre called Equifax and again disputed the Onity reporting. She requested a renewed investigation and asked Equifax to reconsider the documentation she had

already provided. Equifax responded by letter on May 25, 2026, claiming that the Onity account had been verified as accurate with the only change being that the "past due" status of the account was changed to "closed".  All other derogatory reporting remained unchanged.

27.    No reasonable review of the documentation provided could have resulted in the derogatory information being verified as accurate.  The FCRA requires more than a rubber stamp by a CRA of the information it receives from a furnisher.

### Defendants Conducted No Reasonable Investigation

28.    Ms. Pierre's disputes triggered mandatory reinvestigation obligations under the FCRA for both Equifax and Onity. 15 U.S.C. §§ 1681i(a), 1681s-2(b). Both failed those obligations.

29.    In practice, CRAs like Equifax typically investigate consumer disputes not by independently reviewing documentation, but by sending an automated consumer dispute verification request to the furnisher and mechanically accepting whatever the furnisher reports back. This is not a reasonable investigation. It is a perfunctory data match that does nothing to evaluate the merits of a consumer's disputes. Courts have repeatedly condemned this practice. See, e.g., Robertson v. J.C. Penney Co., 2008 WL 623397, at *8 (S.D. Miss. Mar. 4, 2008) (finding no investigation conducted at all); Scharf v. Trans Union, LLC, 2015 WL 6387501 (E.D. Mich. Oct. 22, 2015) (granting summary judgment to consumer where furnisher merely reviewed its file for default status); Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288, 1303 (11th Cir. 2019) (condemning furnisher's failure to correct databases in advance of predictable dispute outcome).

30.    Onity, similarly, appears to have done nothing more than check its own limited servicing database — a database that almost certainly does not record the bankruptcy discharge, prior servicer acknowledgments, or pertinent documentation such as the assumption agreement.

By limiting its investigation to its own incomplete records and ignoring the documentation Ms. Pierre provided, Onity failed to conduct the reasonable investigation the FCRA demands.

31.    The evidence Ms. Pierre provided was dispositive. It came directly from Onity's own predecessors as servicer of the very loan at issue.  No legitimate investigation could have reviewed that documentation and concluded that the reporting was accurate. Either the Defendants did not read the documentation Ms. Pierre submitted, or they read it and disregarded it. Either way, they violated the FCRA.

32.    Had any Defendant conducted a genuine reinvestigation — reviewing the documents included with Ms. Pierre's disputes, consulting available bankruptcy records, or examining the history of this loan — the Onity account would have been corrected or deleted. It was not.

33.    Defendants failed to maintain or follow adequate policies and procedures designed to ensure the accuracy of consumer credit information as required by the FCRA. They knew, or reasonably should have known, that their conduct violated federal law, yet they took no corrective action.

34.    Defendants could have taken the steps necessary to bring its agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

35.    The inaccurate information reported by Defendants has been made available to prospective and existing creditors and has materially harmed Ms. Pierre's ability to access credit, her creditworthiness, and denied Ms. Pierre credit opportunities, both known and unknown.

36.    Beyond the financial harm, Ms. Pierre has suffered significant and ongoing emotional and psychological injury. She takes pride in maintaining her financial health, and the

knowledge that a debt she legally discharged nearly twenty years ago — a debt that her servicers themselves had previously removed — continues to appear on her credit reports as a current delinquency has caused her profound distress. Ms. Pierre has experienced emotional anguish, sleep loss, anxiety, frustration, anger, humiliation, embarrassment, and a sense of powerlessness in the face of Defendants' intransigence.

37.     These violations of the FCRA are the proximate cause and substantially related to Ms. Pierre's damages.

**Count One – Violations of the FCRA**
**Plaintiff v. Equifax**

38.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.     At all times pertinent hereto, Equifax was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

40.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

41.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

42.     The CRA Defendant has violated numerous provisions of the FCRA for its improper actions, including but not limited to Sections 1681e(b) and 1681i(a) of the FCRA. Defendant willfully and negligently violated the FCRA and is liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

43.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and

punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**<u>Count Two – Violations of the FCRA</u>**
**Plaintiff v. Onity**

44.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.   At all times pertinent hereto, Onity was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

46.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

47.   Onity violated Section 1681s-2(b) of the FCRA by engaging in the following conduct:

     a.   willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

     b.   willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported trade line;

     c.   willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

     d.   willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

     e.   willfully and negligently continuing to furnish and disseminate inaccurate, unlawful and derogatory credit account and other information concerning Plaintiff to credit reporting agencies and other entities; and

     f.   willfully and negligently failing to comply with the requirements imposed

9

on furnishers of information pursuant to 15 U.S.C. §1681s-2(b)

48. The Defendant has violated numerous provisions of the FCRA for its improper actions, including but not limited to Section 1681s-2(b) of the FCRA. Defendant willfully and negligently violated the FCRA and is liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

49. The conduct of Onity was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above. As a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

50. Plaintiff demands trial by jury on all issues so triable

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

      a. Actual damages;

      b. Statutory damages;

      c. Punitive damages;

      d. Costs and reasonable attorneys' fees; and

      e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

BY:    */s/ Richard H. Kim*
       Richard Kim, Esquire
       1515 Market St., Suite 1200
       Philadelphia, PA 19102
       Ph. 855-996-6342/Fax 855-235-5855
       rkim@thekimlawfirmllc.com

       *Attorney for Plaintiff Katrina Elaine Pierre*

Date: June 18, 2026

11